HOWORTH v. THE SEEVERS MANUFACTURING COMPANY *et al.*

Appeal: CONTROVERSY AS TO RECORD : FAILURE TO FILE TRANSCRIPT : JUDGMENT AFFIRMED. Where appellee, in an additional abstract, denied the correctness of appellant's asbtract, and made certain statements as to the contents of the record, which were, in turn, denied by appellant in an amendment to its abstract, there was such a controversy as required this court to resort to the transcript to learn the facts in regard to the record ; and, appellant having failed to file a transcript within a reasonable time after the necessity thereof became apparent, as required by section 12 of the rules of this court, the judgment is affirmed.

*Appeal from Mahaska District Court.*—HON. DAVID
RYAN, Judge.

FILED, OCTOBER 23, 1889.

ACTION to recover damages for personal injury;
trial to a jury; verdict for defendant; motion by plain-
tiff for new trial; motion sustained, and defendant
appeals.

*J. F. & W. R. Lacey,* for appellants.

*Blanchard & Preston,* for appellee.

GIVEN, C. J.—January 22, 1889, appellants filed an
abstract, showing that after verdict plaintiff filed a
motion for a new trial, on several different grounds,
among which are the following: "(5) Because of the
misconduct of the juror Ed. Fitzsimmons, as shown by
the affidavit or evidence of said juror, hereto attached,
marked 'Exhibit A,' and made a part of this motion.
(6) Because of the misconduct of one of the defendants,
Thos. Seevers, as shown by the affidavit of Ed. Fitzsim-
mons, hereto attached, marked 'Exhibit A,' and made
a part hereof." Following this is set up what purports
to be evidence in support of the motion, counter-
affidavits, and rebutting affidavits, after which is a state-
ment as follows: "No evidence was introduced on said
motion except the foregoing affidavits and certificates of
the clerk. Said affidavits were all made of record by
bill of exceptions, duly signed, and filed at the time.
Said affidavits were all filed and submitted with the
motion for new trial, and, on October 19, 1888, the court
sustained the said motion on the ground of the miscon-
duct of said juror, and granted a new trial, and defend-
ants at the time excepted." The errors assigned relate
entirely to sustaining the motion for new trial on the
grounds of the alleged misconduct. April 19, 1889,
appellee filed an additional abstract, denying the
correctness of appellants' abstract, denying the state-
ment that the court sustained the motion for new trial

Howorth v. The Seevers Manuf. Co.

on the ground of misconduct of said juror, averring that it was sustained generally, and denying the statement that "said affidavits were all made of record by bill of exceptions, duly signed, and filed at the time." Appellee's original abstract shows that the record on the ruling on the motion was: "The motion is by the court sustained. Defendants are given forty days in which to prepare and file bill of exceptions." That the bill of exceptions was what is known as a "skeleton bill," with no other identification of the evidence to be incorporated in it than this: "[Here clerk will insert all the evidence of the plaintiff in support of the motion.]" "[Here the clerk will insert the evidence of the defendant resisting the motion.]" April 29, 1889, appellants filed additional abstract, alleging that the original abstract is correct, denying the abstract of appellee. "They aver that the grounds of the ruling were pointed out and made of record by bill of exceptions filed within the time fixed by the order of the court; that the affidavits on which the motion for new trial was submitted were all reduced to writing, and attached to the motion; that said affidavits were filed and entered upon the appearance docket; that all said affidavits were attached to the motion as a part thereof; that a transcript showing the correctness of appellants' abstract will be filed in support thereof."

Section 12, rules supreme court, provides that "causes shall be submitted upon the abstract of the parties, except when a controversy arises as to the record. In such case the controversy shall be determined by reference to the transcript; but the appellant shall have a reasonable time after the necessity for a transcript appears to file a transcript where one has not already been filed." The appellant has had reasonable time, but has omitted to file a transcript; hence we have nothing from which to determine the true state of the record, nor whether the district court erred or not in the respects alleged. The judgment of the district court must therefore be          AFFIRMED.